IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-00516-MOC-DSC

| | |
|---|---|
| TRICAMP CAPITAL, LLC, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| MID SOUTH CARBON CORPORATION, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the "Defendant's Motion to Transfer, Stay and Consolidate this Case with a Case Pending in the Southern District of West Virginia or, in the Alternative, Defendant's Motion to Dismiss," Doc. 6, and "Defendant Mid South Carbon Corporation's Motion to Strike or in the Alternative Dismiss Plaintiff's Complaint," Doc. 10, both filed November 7, 2014, and the parties' briefs and exhibits. See Docs. 11-14. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motions be denied, as discussed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This action arises from a lease contract. Both parties allege a breach of the contract. Mid South filed a Complaint against TriCamp alleging breach of contract, unjust enrichment and seeking declaratory judgment in the Circuit Court of Mason County, West Virginia on August

13, 2014 ("West Virginia case"). TriCamp filed a Notice of Removal to the United States District Court for the Southern District of West Virginia on September 18, 2014. On September 26, 2014, TriCamp filed a Motion to Dismiss for lack of personal jurisdiction, insufficient process, and failure to plead a claim for unjust enrichment. On November 3, 2014, TriCamp also filed a Motion to Stay, or in the alternative, to Transfer the West Virginia case to this Court for consolidation.

On September 17, 2014, TriCamp filed this action against Mid South alleging breach of contract, unjust enrichment, conversion, and violations of the North Carolina Unfair and Deceptive Trade Practices Act. On November 7, 2014 Mid South filed the instant Motions. In the Motion to Transfer, Mid South argues that the parties and the facts in the two cases are identical, as is the underlying lease contract that both parties allege has been breached. Mid South argues that in applying the "first-to-file" rule, the West Virginia case was filed first and the matter should be resolved there. In the Motion to Strike, Mid South argues that pursuant to Federal Rule of Civil Procedure 12(f), the Court should strike portions of TriCamp's Complaint as inadmissible, immaterial and in violation of the integration clause of the written agreement between the parties and, in some instances, as a violation of a mediation confidentiality agreement. These Motions are ripe for disposition.

## II. DISCUSSION

On December 9, 2014, Chief District Judge Robert C. Chambers dismissed the West Virginia case in <u>Mid South Carbon Corporation v. TriCamp Capital</u>, LLC, No. 3-14-cv-26023. Judge Chambers held that the original West Virginia state court action was procedurally defective and not validly pending against TriCamp since Mid South failed to include a civil case information statement with its pleading. Such a statement is required under Rule 3 of the West

Virginia Rules of Civil Procedure. The Court concluded that "there was no validly pending action against Defendant [TriCamp] in state court when the case was removed." Doc. 14-1 at 4. The Court found that

> Plaintiff's [Mid South's] goal in its procedural muddling is to be declared the "first to file" in its argument that this action should not be stayed or transferred or consolidated with a parallel action filed by Defendant [TriCamp] on September 19, 2014, in the Western District of North Carolina, Charlotte Division...Plaintiff's [Mid South's] attempt to initiate this action in state court on August 13, 2014, was defective. Provided the North Carolina action was properly filed, it clearly was filed first because Plaintiff [Mid South] did not even attempt to file a civil case information statement to lawfully initiate its state action until October 15, 2014.

Id. at 6.

Based upon the dismissal of the West Virginia case, the undersigned respectfully recommends that Mid South's Motion to Transfer be DENIED.

With regard to Mid South's Motion to Strike or in the Alternative Dismiss Plaintiff's Complaint, the undersigned respectfully recommends that the Motion be DENIED for the reasons stated in TriCamp's Memorandum in Opposition, Doc. 13.

### III. **RECOMMENDATION**

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that the "Defendant's Motion to Transfer, Stay and Consolidate this Case with a Case Pending in the Southern District of West Virginia or, in the Alternative, Defendant's Motion to Dismiss," Doc. 6, be **DENIED** and that the "Defendant Mid South Carbon Corporation's Motion to Strike or in the Alternative Dismiss Plaintiff's Complaint," Doc. 10, be **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED**.

Signed: January 7, 2015

David S. Cayer
United States Magistrate Judge