UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00516-MOC-DSC

| | | |
|---|---|---|
| **TRICAMP CAPITAL, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MID SOUTH CARBON CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed and plaintiff has timely filed its response to those objections.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's

1

proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

The court agrees with plaintiff that defendant's objections to the Memorandum and Recommendation are not specific and, more importantly, raise arguments not made to Judge Cayer. Having earlier served in such capacity, this court is particularly sensitive to arguments made for the first time in the form of an Objection as they frustrate the efficiency of having a United States Magistrate Judge conduct an initial review, circumventing a process which has allowed this court to better serve civil litigants.

Turning to the merits of the Objections, defendant appears to contend that Judge Cayer prematurely reached its Motion to Transfer, Stay and Consolidate this Case with a Case Pending in the Southern District of West Virginia or, in the Alternative, Defendant's Motion to Dismiss (#6). Despite such argument, nowhere in the record does defendant ask the court to stay *its consideration*. Indeed, it appears that only after Judge Cayer recommended that the relief defendant sought be denied did defendant interpose such variable into the equation.

Beyond such concern, the court finds little merit in the substance of the Objection as it appears that there is no basis for transferring this action for consolidation with a case which has been dismissed. On December 9, 2014, Chief District Judge Robert C. Chambers dismissed the West Virginia case in Mid South Carbon Corporation v.

2

TriCamp Capital, LLC, No. 3-14-cv-26023. Judge Chambers held that the original West Virginia state court action was procedurally defective and not validly pending against TriCamp since Mid South failed to include a civil case information statement with its pleading. Such a statement is required under Rule 3 of the West Virginia Rules of Civil Procedure. The court concluded that "there was no validly pending action against Defendant [TriCamp] in state court when the case was removed." (#14-1) at 4. While defendant herein has appealed Judge Chambers' decision, this court can see no reason why such appeal should forestall this action. Indeed, Judge Chambers held that "[p]rovided the North Carolina action was properly filed, it clearly was filed first because Plaintiff [Mid South] did not even attempt to file a civil case information statement to lawfully initiate its state action until October 15, 2014." Id. at 6. Should the Court of Appeals for the Fourth Circuit reverse, remand, and reinstate the West Virginia action, this court can always revisit the venue issues. The court will, therefore, adopt the recommendation of Judge Cayer in full, but provide that the denial of defendant's motion be without prejudice.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation

(#15) is **AFFIRMED,** and defendant's Motion to Transfer, Stay and Consolidate this Case with a Case Pending in the Southern District of West Virginia or, in the Alternative, Defendant's Motion to Dismiss (#6) is **DENIED** without prejudice.

Defendant shall Answer the Complaint within 14 days. After joinder of the issues, the parties shall conduct an IAC and file a CIAC and a proposed Scheduling Order for consideration by Judge Cayer as provided in the Local Civil Rules.

Signed: March 6, 2015

Max O. Cogburn Jr
United States District Judge